CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

7/27/2018

JULIA C. DUDLEY, CLERK
BY: S/J.Vasquez
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| ROBERT EARL BREEDEN, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 5:18-cv-00048 |
| ) | |
| ANTHONY WAYNE BAILEY, ) | By: Elizabeth K. Dillon |
| ) | United States District Judge |
| Defendant. ) | |

**MEMORANDUM OPINION**

On March 6, 2018, plaintiff Robert Earl Breeden, Jr. filed a *pro se* complaint, naming as the defendant Anthony Wayne Bailey, presiding judge of the Page Juvenile and Domestic Relations District Court for the 26th Judicial District of Virginia. Breeden's complaint alleges that Judge Bailey entered a recall of process as to a capias he had issued for Breeden's failure to pay spousal support and appear on January 10, 2018. Breeden asserts that Judge Bailey reissued the capias 14 days later, and he was arrested and detained on February 27. Breeden argues that Judge Bailey denied him due process by not notifying him of the reinstatement.[1] His complaint seeks his immediate release from custody, removal of Judge Bailey from his position as well as the revocation of his license, recall of the capias, and monetary compensation of $50,000.

I. DISCUSSION

**A. Pending Motions**

Pending before the court are three motions filed by Breeden: a motion for leave to proceed *in forma pauperis*, a motion for return of bond money posted in state court, and a motion

---

[1] The civil cover sheet leaves the basis for jurisdiction section blank. Elsewhere, Breeden refers to Judge Bailey's violation of his rights under 42 U.S.C. § 1983, as well as the "5, 8, 9, and 14th Amendments." (Attachment 1, Dkt. No. 2-2.)

for recusal of Judge Bailey. The court will grant Breeden's motion to proceed *in forma pauperis*, which states that both his gross and take-home pay are $0 because he is currently incarcerated at Page County Jail. Nevertheless, the court will dismiss his complaint in its entirety because judicial immunity precludes his claims. The court will deny as moot Breeden's motions for return of bond money and for recusal.

**B. Dismissal of Complaint**

The court has the obligation to determine whether Breeden's complaint against Judge Bailey should be permitted to proceed. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (recognizing that, with regard to *in forma pauperis* complaints, district courts have a duty to screen initial filings, and so can consider certain defenses *sua sponte*). Specifically, pursuant to 28 U.S.C. § 1915(e)(2)(B), a court shall "at any time" dismiss an *in forma pauperis* complaint if it "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii). In evaluating Breeden's *pro se* complaint, the court must construe the complaint liberally, holding it to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). Nonetheless, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A review of the face of Breeden's complaint shows that his claim against Judge Bailey is barred by the doctrine of judicial immunity. *See Wachtler v. Cty. of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (affirming district court's *sua sponte* dismissal of § 1983 claims against a state judge based on the doctrine of judicial immunity); *Rice v. Bennett*, No. 08-cv-1015, 2008 WL 5484115, at *2 (D. Md. June 2, 2008) (dismissing *sua sponte* claim against defendant entitled to

judicial immunity). Judicial immunity confers on judicial officers absolute immunity from suits for monetary relief and any claim for injunctive relief under 42 U.S.C. § 1983. *Lepelletier v. Tran*, 633 F. App'x 126, 127 (4th Cir. 2016) (per curiam) (holding that the plaintiff's "claims seeking injunctive relief against a sitting state court judge for actions taken in his judicial capacity . . . were barred by the plain language of 42 U.S.C. § 1983"); *Malave v. Abrams*, 547 F. App'x 346, 347 (4th Cir. 2013) (acknowledging prior authority that judicial immunity did not apply to claims for injunctive relief, but noting that Section 1983 was amended in 1996 to provide that "injunctive relief [against a judicial officer] shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable"); *see also King v. Myers*, 973 F.2d 354, 356 (4th Cir. 1992) (describing judicial immunity under federal law).

There are two possible exceptions to judicial immunity. Specifically, it does not shield a judge for (1) non-judicial acts; or (2) acts taken in the clear absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). Neither exception applies here, though. As to the first, an act is a judicial one if it is "normally performed by a judge" and "the parties dealt with the judge in his or her judicial capacity." *King*, 973 F.2d at 357 (citing *Stump v. Sparkman*, 435 U.S. 349, 357 (1978)). Breeden challenges only an action by Judge Bailey that constituted a judicial act—the reissuance of capias in a judicial proceeding in which Breeden was a party—so the exception for non-judicial acts clearly does not apply.

As to the second, Breeden does not allege an absence of jurisdiction, either. Instead, Breeden alleges that Judge Bailey retaliated against him by unlawfully reissuing the capias and failing to notify him of such reissuance. But these allegations fail to render judicial immunity inapplicable. Notably, judicial jurisdiction is "construed broadly," and a judge will not lose immunity merely "because the action he took was in error, was done maliciously, or was in

3

excess of his authority." *Stump*, 435 U.S. at 356. As the Fourth Circuit has explained, "the absolute immunity extended to a judge performing a judicial action is not in any way diminished even if his or her 'exercise of authority is flawed by the commission of grave procedural errors.'" *King*, 973 F.2d at 357 (quoting *Stump*, 435 U.S. at 359). "The errors do not render the act any less judicial, nor permit a determination that the court acted in the absence of all jurisdiction." *Id.*; *see Mireles*, 502 U.S. at 12 (concluding that a judge's alleged direction to the police to bring an attorney in the pending case before him and to use excessive force in doing so was a "judicial act," despite it being in excess of his authority). Even if, as Breeden alleges, Judge Bailey erred in performing his duties, he is still entitled to absolute immunity in this case.

For the foregoing reasons, Breeden's claim against Judge Bailey will be dismissed.

## II. CONCLUSION

As discussed herein, Breeden's motion to proceed *in forma pauperis* will be granted, the complaint will be dismissed, and Breeden's motions for return of bond money and for recusal will be denied as moot. An appropriate order will be entered.

Entered: July 27, 2018.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge